# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                                      **Case No. 07-CR-242**

**MARCELLO JACKSON**
        **Defendant.**

## ORDER

Defendant Marcello Jackson pleaded guilty to distributing 5+ grams of crack cocaine, contrary to 21 U.S.C. §§ 841(a)(1) & (b)(1)(B), and on March 7, 2008, I sentenced him to 60 months in prison, the mandatory minimum sentence. United States v. Jackson, 537 F. Supp. 2d 990 (E.D. Wis. 2008). Defendant took no appeal, but on June 25, 2009, he filed a request to apply a 1:1 crack to powder cocaine ratio to his sentence. Defendant did not in that motion seek relief under 18 U.S.C. § 3582(c)(2) based on the Sentencing Commission's amendment to the crack cocaine guideline.[1] Instead, he cited a Justice Department memo indicating that prosecutors will now acknowledge that a 1:1 ratio is the proper starting point in analyzing a variance from the crack guidelines. Finding no jurisdictional basis for modifying the sentence as requested, I dismissed defendant's motion.

Defendant now moves for modification of his sentence under 18 U.S.C. §§ 3582(c)(2) & 3553(a)(2)(D). In the motion, he seeks a change in the place of confinement, from prison to an out-patient rehabilitation center. Noting his drug problem and the absence of violence

---

[1] Nor could he, as the amended crack guideline was already in effect at the time he was sentenced. In any event, his sentence was based on a statutory mandatory minimum. See United States v. Poole, 550 F.3d 676, 678 (7th Cir. 2008).

in his record, defendant argues that residential drug treatment rather than prison is the appropriate means of rehabilitating him. He cites 18 U.S.C. § 3582(a), which states that "imprisonment is not an appropriate means of promoting correction and rehabilitation," and In re Sealed Case, 573 F.3d 844, 849 (D.C. Cir. 2009), in which the court stated that "sentencing courts may not treat rehabilitation as a reason for a longer term of imprisonment."

The Bureau of Prisons, not the sentencing court, determines where a defendant serves his sentence. See 18 U.S.C. § 3621(b). None of the authorities cited by defendant affords the sentencing court jurisdiction to modify a sentence to direct that it be served in a community treatment facility rather than a federal prison. Section 3582(c)(2) permits the court to reduce a sentence based on a retroactive amendment to the sentencing guidelines. Defendant cites no such amendment. Section 3553(a)(2)(D) requires the sentencing court to consider the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." This is a directive to the court at the time of sentencing; it provides no basis for a later modification of a prison sentence. Nor could an argument be made that I imposed a longer sentence to promote rehabilitation; the sentence in this case was dictated by 21 U.S.C. § 841(b). Therefore, I see no reason to consider converting the motion to one under 28 U.S.C. § 2255 challenging an illegal sentence.

For these reasons, defendant's motion (R. 35) is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2010.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

2

Case 2:07-cr-00242-LA    Filed 01/22/10    Page 2 of 2    Document 36